UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KRISTYNA HAYES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-1664 JCH |
| | ) | |
| EXPRESS SCRIPTS, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

*Pro se* plaintiff Kristyna Hayes brings this suit under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act of 1990 ("ADA"), for alleged employment discrimination and retaliation. Having reviewed plaintiff's motion for leave to proceed *in forma pauperis* and the information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the filing fee. The motion will be granted and the filing fee will be waived. *See* 28 U.S.C. § 1915(a). For the reasons discussed below, the Court will direct the Clerk of Court to issue process or cause process to be issued against defendant Express Scripts.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Id.* at 678.  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  *Id.* at 679.

When reviewing a *pro se* complaint under 28 U.S.C. § 1915, the Court accepts the well-pled facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework.  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).  However, even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).  *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the *pro se* plaintiff that assumed facts that had not been pleaded).

**The Complaint and Charge of Discrimination**

Plaintiff brings this action for alleged unlawful employment practices which occurred on April 24, 2017, against her former employer, defendant Express Scripts.  Plaintiff asserts employment discrimination based on race, disability, and because she "took a stress leave from work due to hostile working conditions."  ECF No. 1 at 5.  Plaintiff complains about the termination of her employment, the terms and conditions of her employment differing from those of similar employees, and retaliation.  Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on July 10, 2017,[1] and she received a right-to-

---

[1] Although plaintiff's complaint states that she filed her charge of discrimination on May 19, 2017 (ECF No. 1 at 3), the actual charge of discrimination document attached to her complaint (ECF No. 1-3) is dated July 10, 2017.

sue letter from the EEOC dated March 14, 2019.  Plaintiff timely filed this civil action on June 10, 2019.  *See* 42 U.S.C. § 2000e-5(f)(1).

Plaintiff's allegations are summarized in the complaint, with additional information in the EEOC charge of discrimination.  ECF Nos. 1 & 1-3.  Plaintiff began her employment with Express Scripts in October 2013 as an Insurance Reimbursement Specialist.  Around March 3, 2017, plaintiff states that she took a two-month "stress leave" due to her "disability."  Before her leave, plaintiff had no record of discipline and her performance had always scored as "satisfactory or above."  ECF No. 1 at 5.  Plaintiff states that she was paid for the first month of her leave, but that sometime during the leave, she received a letter stating that she was no longer eligible to receive payment under her "FMLA disability claim" and that she needed to return to work.  *Id.* at 6.

Plaintiff was terminated when she returned to work on April 24, 2017.  Plaintiff was told by program supervisor Mandy Harris that the reason for plaintiff's termination was that she had violated the company's social media policy while she was on leave.  Harris explained that while plaintiff was on leave "several negative comments were made [about her][2] employer regarding disability and need for a reasonable accommodation."  ECF No. 1-3.  Plaintiff denies violating the defendant's social media policy.

Plaintiff describes herself as "Black" and alleges that at Express Scripts "[m]any black employees had been getting fired, not able to get promotions and being mistreated."  *Id.*; ECF No. 1 at 5.  Plaintiff asserts specifically that supervisor Harris "has a practice of treating Black employees less favorably than White employees."  ECF No. 1-3.  In addition, when employees were terminated due to unfair treatment by Harris, all their termination papers were signed by Harris' friend in the human resources department.  ECF No. 1 at 5.  Plaintiff believes that she was

---

[2] Plaintiff's charge of discrimination actually states that "several negative comments were made **by** my employer," but based on the surrounding information and context, the Court interprets plaintiff as being the one accused of making the negative comments.  ECF No. 1-3 (emphasis added).

terminated due to her race, disability, and in retaliation for her need for (and receipt of) a reasonable accommodation for her disability.

For relief, plaintiff requests that the defendant "be held accountable," and plaintiff seeks damages for her pain, suffering, and lost wages. *Id.* at 7.

**Discussion**

Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer to discriminate against an individual because of her race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2. In order to state a claim under Title VII, a plaintiff must show either direct evidence of discrimination, or evidence that is sufficient to create an inference of discrimination under the *McDonnell Douglas*[3] burden shifting framework. *Onyiah v. St. Cloud State University*, 684 F.3d 711, 716 (8th Cir. 2012) (citation omitted). Under the framework, a plaintiff must show: (1) she is a member of a protected class; (2) she was meeting his employer's legitimate job expectations; (3) she suffered an adverse employment action; and (4) similarly situated employees outside the protected class were treated differently. *Id.* (citation omitted).

Here, plaintiff is a member of a protected racial class; she never received a bad performance review and was therefore meeting the expectations for her position; she suffered the adverse employment action of termination; and she states that white employees were treated differently in firing and promotion decisions by defendant. Plaintiff also alleges that the reason for her termination – a social media policy violation – was pretext. Although plaintiff will be required to prove her assertions later, at this stage of the proceeding, she has met her burden of alleging discrimination based on her race, and the Court accepts these well-pled facts as true. *See White*, 750 F.2d at 722.

---

[3] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

The Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, prohibits covered employers from discriminating against a "qualified individual" on the basis of disability. 42 U.S.C. § 12112(a). To establish discrimination under the ADA, plaintiff must allege she (1) is disabled within the meaning of the ADA, (2) is a qualified individual under the ADA, and (3) has suffered an adverse employment action because of her disability. *See Hill v. Walker*, 737 F.3d 1209, 1216 (8th Cir. 2013). The ADA also prohibits retaliation against employees who oppose any practices made unlawful by the statue, or who file charges or assert their rights under the statute. *See* 42 U.S.C. § 2000e-3(a). In order to state a claim of retaliation under the ADA a plaintiff must show: (1) that she engaged in statutorily protected activity; (2) an adverse employment action was taken against her; and (3) a causal connection exists between the two events. *Stewart v. Indep. Sch. Dist. No. 196*, 481 F.3d 1034, 1043 (8th Cir. 2007). Here, plaintiff alleges she has a "disability" and that she was terminated due to that disability and in retaliation for taking a leave of absence because of that disability.

Upon initial review under 28 U.S.C. § 1915(e)(2), the Court finds that plaintiff's complaint sufficiently states claims under Title VII and the ADA for discrimination and retaliation against defendant Express Scripts. Therefore, the Clerk of Court will be directed to issue process on the complaint.

**Appointment of Counsel**

Finally, the Court will deny plaintiff's motion for appointment of counsel without prejudice. There is no constitutional or statutory right to appointed counsel in civil cases. *See Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). To determine whether to appoint counsel, the Court considers several factors, including whether: (1) the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) the plaintiff will substantially benefit from the appointment of counsel; (3) there is a need to further investigate and

present the facts related to the plaintiff's allegations; and (4) the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005. After considering these factors, the Court finds that the facts and legal issues involved in plaintiff's case are not so complicated that the appointment of counsel is warranted at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**. Pursuant to 28 U.S.C. § 1915(a), the filing fee is waived.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED without prejudice**.

**IT IS FINALLY ORDERED** that the Clerk of Court shall issue process or cause process to issue on plaintiff's complaint as to defendant Express Scripts via registered agent CSC-Lawyers Incorporating Service Company, 221 Bolivar Street, Jefferson City, MO 65101.

Dated this   11th   day of September, 2019.

\s\ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE